GROUP HEALTH COOPERATIVE OF EAU CLAIRE, Plaintiff-Respondent,

v.

HARTLAND CICERO MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals

*No. 91-0255. Submitted on briefs July 29, 1991.—Decided September 17, 1991.*

(Also reported in 476 N.W.2d 302.)

632

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael L. Bertling* of *Carroll, Parroni, Postlewaite, Graham, Pack & Bertling, S.C.* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *D. Charles Jordan* of *Jordan & Wachs* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. In this subrogation lawsuit between two insurance providers, the defendant, Hartland Cicero Mutual Insurance Company, appeals a judgment holding its insured, John Spaeth, liable for 70% of the stipulated damages to Andrea Hoffman, the injured insured of Group Health Cooperative of Eau Claire. Andrea, age twelve, was struck by an all-terrain vehicle (ATV) driven by John, age thirteen. The parties stipulated to the amount of Andrea's damages, and the liability dispute was tried to the court. The court apportioned the causal negligence as follows:

| | |
|---|---|
| Andrea Hoffman | 30% |
| John Spaeth | 45% |

| | |
|---|---|
| John's parents | 25% |
| Total: | 100% |

The trial court concluded as a matter of law that because John and his parents were joint tortfeasors, Andrea's damages are reduced only by the amount of her contributory negligence. The court thus entered judgment in favor of Andrea's insurer for 70% of her stipulated damages. Hartland argues that: (1) Andrea was more negligent than John as a matter of law, and (2) in the alternative, even if the negligence were properly apportioned, under the doctrine of joint and several liability, John is not responsible for the joint and concurrent tortious acts of his parents where their negligence (25%) was less than Andrea's and exonerates them from liability. This court affirms.

## COMPARISON OF NEGLIGENCE

It is a general principle that a reviewing court will determine the comparative negligence issue as a matter of law only in exceptional cases. *Karis v. Kroger Co.,* 26 Wis. 2d 277, 285, 132 N.W.2d 595, 599 (1965). Findings of fact by the trial court will not be set aside unless clearly erroneous. Section 805.17(2), Stats.

The accident occurred on the farm of John's parents, Ronald and Karen Spaeth. The Spaeth and Hoffman families are friends, and the children were engaged in horseplay involving two ATVs just prior to the accident. John was driving the four-wheeler in an adjacent farm field with Andrea's brother as a passenger when Andrea approached driving a three-wheeler with John's sister as a passenger. The girls tried to squirt the boys with a water pistol and then returned to the farmhouse area followed by the boys. Andrea got off the three-

wheeler at some point, apparently intending to squirt the boys again, but was struck in the left leg and thrown in the air by John's machine as he drove up the driveway. There was conflicting evidence from John as to whether Andrea jumped suddenly from behind a loaded hay wagon parked along the driveway or whether she was continually in his line of vision prior to the collision. John and Andrea had different estimates of the speed of the ATV immediately prior to the accident, the former suggesting five or six miles per hour and the latter ten to fifteen miles per hour. There was also some conflicting evidence about the amount of braking that John applied prior to the collision. In resolving these factual disputes, the court found that the speed was excessive, especially in context of the parked wagon and the presence of children engaged in play. The court found Andrea negligent for stepping out from the wagon without looking, but minimized this negligence based on a finding that John had veered the vehicle toward the wagon just before the accident. The court found the parents negligent for their failure to supervise the activities, despite their knowledge that the children were playing with squirt guns, and because they should have known from prior experience that the children would also likely ride the ATVs. These determinations based on conflicting evidence are matters best left to the fact finder and do not represent clearly erroneous findings.

## JOINT AND SEVERAL LIABILITY

■ The long settled common-law rule is that "any one of two or more joint tort-feasors, or one of two or more wrong doers whose concurring acts of negligence result in injury, are each individually liable for the entire damage which resulted from their joint or concurrent acts or

negligence." *Walker v. Kroger Grocery & Baking Co.*, 214 Wis. 519, 535, 252 N.W. 721, 727 (1934). Wisconsin's contributory negligence statute, sec. 895.045, Stats.,[1] does not change the common-law rule as to the extent to which every joint tortfeasor is liable for such damage as the injured person is now entitled to recover. *Walker*, 214 Wis. at 535, 252 N.W. at 727. The *Walker* court explained:

> At common law the injured person could not recover at all, if there was some negligence on his part which contributed to his injury. But, if he was entirely free from negligence, every one of several tortfeasors, whose negligence was a cause of the injury, was liable for all of the resulting damage even though the negligence attributable to one of them may have been insignificant in proportion to the negligence of the others. Now, by virtue of sec. 331.045, Stats. [now sec. 895.045, Stats.], the instances in which there is a right to recover have been increased in that, even though there was contributory negligence, recovery is not barred if such negligence was not as great as the negligence of the person against whom recovery is sought. If such contributory negligence was as great as the negligence of one of the tortfeasors against whom recovery is sought, then as to that particular tortfeasor there is still no right to recover. That tortfeasor is out of the picture as far as liability on his part to the party whose negligence was as great as his is concerned. On the other hand, from every remaining tortfeasor, whose negligence was greater

---

[1]Section 895.045 states: "Contributory negligence shall not bar recovery in an action by any person . . . to recover damages for negligence . . . if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

than that of the person seeking to recover, there exists now, by virtue of the statute, a right to recover, subject, however, to the limitation prescribed by the statute, that the damages allowed shall be diminished in proportion to the negligence attributable to the person recovering. *That is the only limitation prescribed in respect to the amount recoverable.*

*Id.* at 535-36, 252 N.W. at 727-28 (emphasis added).

There has been an amendment to the contributory negligence statute since the *Walker* decision that is of no consequence here. Presently, a party whose negligence is as great but not greater than that of the person against whom recovery is sought is not barred from recovery. Section 895.045, Stats.

If there was ever any doubt about the meaning of the language of the *Walker* decision and others thereafter, it should have been resolved by the late Chief Justice Hallows in his dissent in *Vincent v. Pabst Brewing Co.,* 47 Wis. 2d 120, 135, 177 N.W.2d 513, 518 (1970). The chief justice wished to repudiate "the unjust doctrine of contributory negligence" by use of the supreme court's inherent powers. *Id.* at 131, 177 N.W.2d at 518. He wrote:

While the so-called limited comparative negligence doctrine was an advance step and other states have some form of it, it is almost forty years old and its limitation is not now in accord with modern concepts of social justice. . . . If A, B, and C all cause an injury to the extent of 20, 30, and 50 percent, respectively, they should all pay that portion of the damages. If A, B, and C were defendants or if A was a plaintiff, that is what would happen under the Wisconsin rule. A, as a plaintiff, contributes by assuming his own negligence and only recovering 80 percent of

637

his damages. However, the Wisconsin law works an injustice because if B is the plaintiff, A is let out entirely because B's contributory negligence is greater than A's; and C, although 50 percent negligent, must bear A's twenty percent or a total of 70 percent. If C is not financially responsible, B collects nothing. There is no rhyme or reason in justice why A, being 20 percent at fault, ought not to pay his just proportionate share or why C should pay it without a right to recover in contribution.

*Id.* at 135, 177 N.W.2d at 520 (footnote omitted).

These cases make clear that the law permits the injured party to collect all of her damages from a joint tortfeasor except in proportion to the amount of negligence attributed to her. If the law is to change, it must come from either the legislature or the supreme court. Hartland's suggestion that the Spaeth parents' negligence be equitably apportioned between Andrea and John is beyond the authority of this court.[2]

*By the Court.*—Judgment affirmed.

---

[2]Hartland would have us assign the parents 25% negligence as follows: 12.8% to Andrea and 12.2% to John. The basis for this split is not explained. We assume it would be divided 40% to Andrea (30/75) and 60% to John (45/25). Because the present law attributes the entire 25% to John, we need not address the matter further.